Number 16-3178. And we're back on the record. If you could just wait one second and let your adversary set up and be comfortable. Okay. May it please the court. Robbie Sutter-Rogers of the Sutter-Rogers Law Firm on behalf of Appellant Arne Collins. I want to thank the court for the opportunity to present today. The essential issue here today is whether or not my client was, her right to understand what right she was forfeiting when she signed the Mary Kay Agreement. The primary fault the district court made was that it ignored the decision in Newsy, which Judge Garris, you authored. But it's not precedential, is it? It's not, Your Honor. But the reasoning we think applies. And it has been filed by other district court cases. In front number five, the court area holding that Newsy had a more narrow form selection clause than the one in this matter. That's not true. They're very similar. They both use the language, the same language, that it was related to this agreement. Are you challenging both enforceability and interpretation, or are you conceding enforceability? Your Honor, what we're arguing is that this matter, this statutory matter, falls outside the scope of the form selection clause. And this case also presents a very unique situation where the choice of law provision in the agreement is per se invalid because it does not advise my client of her statutory rights, of what she was waiving in connection with the wage payment law. Is that under New Jersey law or Texas law or the law of all those states? Your Honor, under New Jersey law, what Newsy did was extend Garfinkel, which originally pertained to arbitration. All right. So you're talking about New Jersey law. But we haven't determined yet, really, whether it's going to be New Jersey law that applies or whether it's the law of the forum when you're dealing with the substantive issues. Correct, Your Honor. What I would respectfully suggest, Your Honor, in the supplemental submission that we made, the Texas Supreme Court has held, and when they evaluate these cases, is that they use the forum state. So there are several cases where they had to evaluate a forum selection issue that called for the interpretation of choice of law from another state, and they said, no, we're going to interpret Texas law. So we would respectfully, under that logic, even if you went to Texas, the Texas law would say the law of the forum should apply, and that's a Texas Supreme Court case we cited in our papers. What do you make of the Martinez case that we brought to your attention? Good logic, bad logic? Can we apply it or not? Your Honor, I don't think we should because I think the facts of this case are very unique. What Martinez did not do, Your Honor, is really address the public policy considerations that are at work that the Newsy court considered that, frankly, weren't really in play in Martinez. What we have here is an agreement which half of the clause, half of it's invalid under the choice of law, and then the same logic was used to apply to say that if you can't make – if Plaintiff was found to not have had sufficient knowledge to make decisions about whether she was waiving her statutory rights, similarly, she didn't have enough information to determine where those statutory rights, what form it should be used in. So all of that should have been laid out? All of that should have been laid out. Under Garfinkel, what should have been said was this pertains to any statutory rights that you have in the choice of law section, and then if it's said, and any such claim should be – will be placed in the Texas law. In that instance, it would be in Texas courts, excuse me. In that instance, Plaintiff would have had the opportunity to consider that, to make her decision, and then to proceed. So that's really where many of the cases that Mary Kay relies on really come up in the commercial context. They come up in cases where this is a breach of contract. And what this case is not, Your Honor, is a lot of the cases I read as I was preparing for my argument today, there was a case in Texas that used a phrase I liked. They said, we want to make sure that this is not an instance of artful pleading, where someone is trying to get out of a contract claim that's covered by a form selection clause by recasting it as a tort claim. That is an argument that is somehow outside the scope of the agreement. That's not what we're doing here. What we're doing here is invoking rights that did not derive out of the contract. These rights are given to my client as a New Jersey resident by the legislature and the governor of the state of New Jersey. And if she were living in Texas, she'd lose those rights. That's your argument? If she goes to Texas and this provision is upheld, she's going to lose those rights because the New Jersey wage payment law doesn't extend to Texas. Your Honor, why wouldn't it? I mean, states have applied other states' law before. Well, Your Honor, the provision in the agreement says the choice of law is Texas law. The presumption is that the courts would apply the contract as it's written. Your Honor, I respectfully suggest here, in this instance, as a New Jersey resident, the public policies articulated by the Supreme Court about preservation of rights should be respected here. And the other cases we've seen, they don't really make that point. Your Honor, what I'd also submit is that if you look at this in other contexts, other federal courts haven't even applied form selection clauses to Fair Labor Standards Act cases, which, you know, essentially this is a wage dispute, where they said, no, this is a statutory right that's separate in part from the agreement. Now, in our five-page submission, if you look at what the Texas courts have said, they've said that the key consideration is whether the claims and alleged damages arise from general obligations imposed by law rather than the contractual relationship of the parties. Here, we're not invoking rights that came to my client under the contract. We're invoking rights that came. Well, Mary Kay has not conceded that Ms. Collins is an employee, right? They have not, Your Honor. They have not. Right. And so you seem to be jumping off from the supposition or from the holding that she is an employee, but that employee-independent-contractor issue really has to be determined before we decide whether New Jersey wage law is applicable or not. Thank you, Your Honor. What I respectfully suggest is the plaintiff is invoking the protections of that law as a New Jersey resident. So before the determination is even – I understand the determination has not been made yet, but she's invoking the protections under the statute, which we're submitting. She says an employee. It hasn't been determined that she is an employee. It hasn't been determined yet, but she loses her protections to invoke those statutory claims if this provision is upheld. But if she is not an employee, doesn't Mary Kay have the right of a company having representatives all over the country to have that relationship interpreted under the law of one state? And they've said, we want this to be interpreted under the law of the state of Texas. Your Honor, if my client is not deemed to be an employee, this is why this issue is so important. Why these independent-contractor relationships are so dangerous is that if someone is designated as an independent-contractor, they're stripped of their rights as an employee. So if these are two businesses interacting with each other, you're absolutely correct. Mary Kay has a right to say, all right, our business, we're operating in Texas. We're operating out of Texas. We want all our business relationships to be invoked under Texas law. But when companies are casting what is an employee relationship as a – Well, again, you're jumping to the supposition that determination whether or not she's an employee has been made. And it hasn't, has it? Your Honor, the – no, Your Honor, but – It hasn't, has it? No, right. No, Your Honor, it hasn't been made. But what I'm suggesting is that as the issue arises, if we're raising the fact that we're saying she is an employee under the statute, once – and you're absolutely right, if we stay in this court and they apply the ABC test and Mary Kay meets its burdens, we don't have a case. I'm not going to come back here or come back to Judge Arley or the district court and say, oh, no, under contract, all of these deductions were illegal or improper. At that point, I have no – my client has no recourse. Our only recourse here is to say that we're asking for the court to evaluate under New Jersey law whether or not these deductions were illegal or these payments were illegal, and as such, what damages he's entitled to. But that entire determination, Your Honors, is based upon whether or not she is an employee under the statute. And this provision does not cover statutory rights. And Judge Chigares' opinion was absolutely correct when it extended Garfinkel to these types of claims because what it said is – what Garfinkel held was you have to have full knowledge when you're waiving your statutory rights. And if there's a special protection regarding employee statutes because they're so powerful and employees need those statutes and if they're stripped away, there's dire consequences to that. If my client was designated as an employee, she couldn't have – she wouldn't have to kick that money to her employer and have all these monies deducted from her wages. That's a big deal. I represent a lot of employees, and if we don't have these employee protection laws, they're very vulnerable. There's a huge disparity in broadening power that really isn't in place when you have two companies. So if you're going to have to give that up, what the New Jersey Supreme Court said was you better be darn sure that it's clear what these employees are signing. And to the extent a choice of law provision does the same thing, that same – what Newsy held was you have to put on the same notice, and the same thing applies to the Foreign Selection Clause because, again, these are where you have the right to bring your statutory claim. Now, Mary Kay makes the argument that Newsy should be disregarded because that's an arbitration issue and it's totally different. That's not. This wasn't putting a square peg in a round hole. What they said was given what the court argued in Newsy, given what the Supreme Court held in Garfinkel, the same logic should apply to claims under Foreign Selection and choice of law provisions. Okay. Thank you, counsel. Thank you, Aaron. Good morning. May it please the Court. My name is Christina Malfi. I'm at Gibbons PC in Newark, New Jersey. New Jersey. I represent Ilia Pelli, Mary Kay. Your Honors, I think it's important to start the argument by examining what is before this Court. There appears to be a mixing of the issues of enforceability and scope and interpretation. And I think Judge Restrepo, you asked the question during the original – the argument a minute ago as to are you conceding enforceability. The plaintiff has conceded enforceability here. The issue of enforceability is not before the Court. So many of the arguments that we're talking about here, public policy, and some of the cases that are being cited, including all of the Texas cases that the plaintiff relies upon, all relate to enforceability. They don't relate to scope or interpretation. So the question becomes, what is the right standard to use when it comes to scope? This is the unique case where you're not dealing with both scope and enforceability. You're dealing with only scope. It's important to highlight here that this clause in this contract has been conceived to be enforceable and valid. The issue of validity and enforceability, and therefore the public policy that surrounds the enforceability of this type of contract, is not at issue. The very narrow issue here is whether or not the New Jersey wage payment law claim is within the scope of this form selection clause. And I also note that choice of law is not before this Court. We, Mary Kay, did not move below before Judge Arleo. We did not move to dismiss with prejudice the plaintiff's claim because of the Texas choice of law provision. We simply said, please enforce the form selection clause and send the case to Texas. It will be up to the court in Texas, as Judge Shigaris noted, to decide under their choice of law analysis whether or not the New Jersey wage payment law should be the claim or a similar Texas law. That is not before this Court. It was never raised below. Counsel for the plaintiff said the choice of law is per se invalid. That's never been briefed, it's never been argued, and that claim has been waived. It sounds like you're asking us to follow Martinez's path. Your Honor, you could follow Martinez's path, or you could follow the path that Judge Roth followed in the Carlisle case in 2015. In the Martinez case, the court said, for purposes of enforceability, we're going to use federal law, and for purposes of scope, we're going to use the state law that's selected by the contract that the parties enter into. Why? They did a very nice analysis, as did the Tenth Circuit, that it's important that the expectations of the parties who enter into the contract are not turned upside down by the court, just simply based on either federal law or the forum that the case happens to be brought in. And the plaintiff shouldn't get the benefit of bringing the case in a place, in a state, which may be hostile to forum selection clauses. That was the whole point of federal law covering enforcement. In the Carlisle case, and historically in this circuit, you've applied federal law to enforcement, federal law to scope. In the Carlisle case, Judge Roth also looked at Delaware law, which was the law of the contracting parties. So the contract provided for the application of Delaware law, Judge Roth looked at both Delaware law and federal law when it came to scope. Martinez says you should only look at state law as set forth in the contract, and you should give the expectations of the parties the benefit of what they bargained for. Judge Roth said, I'm going to look at both Delaware law, which is the law of the contract, and federal law. In this case, it really doesn't matter. Federal law and Texas law come out exactly the same. Under federal law, the related to language, which is the language that is in this forum selection clause, the related to language is broadly construed. It includes claims that are not breach of contract claims. It includes statutory claims. It includes employment claims. So all of those claims, under federal law, this claim is within the scope of the clause. Under Texas law, in our brief, we cited a number of Texas cases which dealt with scope. And those cases, too, Ingray-Longoria, Young v. Voltex, Cotton Patch, and Barnett, they all provide the same thing. Non-contractual claims fall within the scope. Statutory claims fall within the scope. And employment claims fall within the scope. In fact, in the Barnett case, which is a Texas appellate case, they even cite to the Third Circuit's opinion in the Crescent case. Their view of scope is the same as this circuit's view of scope, which is the federal view of scope, which, in this case, is the same as the Texas law. Let me ask you, your adversary questioned whether she's an employee or an independent contractor. Which is it, and does it matter? Well, your Honor, it's certainly our position that she is not an employee. The contract makes very clear that she's an independent contractor. She claims she's an employee under the wage payment law, so I think as Judge Roth appropriately recognized, we are jumping to the wage payment law before we even find if this plaintiff has standing under the wage payment law. The issue of whether or not she's an employee or an independent contractor under Hargroves v. Sleepy's in New Jersey, assuming New Jersey law were to apply there, the issue there goes to one of the main issues, is control. And you have to, under Hargroves v. Sleepy's, the Supreme Court specifically said you have to look at the contract. You have to look and see what it says. This claim is directly under the contract. You can't decide that issue as to whether the wage payment law is even applicable in this case until you look at the contract and you interpret the contract. And you interpret the contract under Texas law. A company like Mary Kay, which has these independent consultants all over the country and the world, they have the right to have in their contracts that they want one state's law to apply. Now, Texas will decide when we get to Texas, they'll decide what law is the applicable law. That's not before the court. The only thing before the court is which court should hear the claim. That's the end. You can't even worry about the arbitration issue. We're not going to arbitration. We're not worried under Garfinkel. The Supreme Court was worried about taking away a judicial remedy. That's what Garfinkel talks about. You need notice because you're taking away a judicial remedy. In Bussey, you have the same problem, Judge Nagaris. You were taking away a judicial remedy because that case was going to go to arbitration. Here, we are not asking for the court to send this case to arbitration. There is no arbitration provision. This plaintiff has every right to a judicial remedy. Her judicial remedy resides in Texas. The court in Texas under Atlantic Marine is to decide under their choice of law analysis which law applies. Is it the New Jersey wage payment law and the independent contractor test under Sleepy's? Or is it a similar law as Judge Arlio noted in a footnote in her opinion that exists in Texas? This plaintiff, in the Nussie case, it's important to note that the claims were going to be eviscerated. The plaintiff's claims in that case were going to be eviscerated. In the two district court cases that follow Nussie, the same thing. Those claims were going to be gone because in all three of those cases, the underlying motion before the district court was a motion to enforce the choice of law provision. That is not the motion here. The motion here is simply to send the case to Texas and to the Texas forum. We have not asked, Judge Arlio has not ruled, and it is not before this court, as to whether New Jersey's law should apply or Texas law should apply. Finally, I'd like to just note that this claim cannot be adjudicated without reference to the contracts. In addition, this relationship does not exist without the contract. You cannot become a beauty consultant for Mary Kay unless you enter into a contract with them. The very contracts, the claims that are asserted here is that there are these deductions. They have to buy things, they have to wear uniforms, and these are improper deductions. That's all governed by the contract. You can't decide the issue without looking at the contract. The relationship doesn't exist without the contract. As a result of that, the party's choice of law, in this case Texas, and the party's choice of forum, in this case Texas, should be applied by this court. I would ask, therefore, that the district court's order be affirmed. Okay, thank you. Thank you. And we'll hear rebuttal. Do we have five minutes? Yeah. Okay. Your Honor, the important issue that I want to address that my colleague raised was that there's no relationship without the contract and that as such this is essentially a contract claim. Your Honor, the fact that the contract is a piece of evidence, but it's not a mandatory piece of evidence. The fact that we can evaluate this claim by showing how much money class members paid or had deducted from their payments. This is a statutory claim. So the claim will exist. Well, it's a statutory claim once it's determined whether Ms. Collins is an employee or an independent contractor, right? Correct, Your Honor. And that determination has not been made. Now, where should that be made? Your Honor, the determination should be made in New Jersey because this presents a unique situation where the clause at issue falls outside the scope, where this claim falls outside the scope of the form selection clause. Because right now under Newsy, a Newsy- That is only true if she is an employee and not an independent contractor. And where do we make that determination, whether she's an employee or an independent contractor? Your Honor, what it pertains to is the rights she's invoking in the complaint. Plaintiff invokes statutory rights under the complaint. As a result, that's the issue that should be invoked here. If we invoke contractual claims, those would fall within the scope of the form selection clause. But her statutory claims are valid only if she's an employee, correct? Correct, Your Honor. If she is, in fact, an independent contractor, she has no statutory claims. Correct, Your Honor. So how do we make that initial determination? Your Honor, we don't have to- we're almost putting the cart before the horse. We don't need to make the- No, I think you're putting the cart before the horse. But, Your Honor- I'm saying we've got to look at the horse first and decide if it's a horse or a mule. Your Honor, the issue of whether or not the form selection clause applies, it's the same issue as the choice of law. Was this outside? Was the statutory claim outside of the form selection? That's what Muzzi said. The Muzzi court did not say, hey, we can't address this now because we have to see whether or not there's even a valid LAD claim here. What they said was the LAD claim falls outside the scope of the form selection clause. Under the same logic, the form selection clause falls outside the scope of the form selection clause. So, as a result, the same logic should apply in this instance. Now, with respect to whether Muzzi was an arbitration claim, so it's so much different, that's not true. Arbitration is simply- it's a form issue. And the court dealt with these issues distinctly. The Muzzi court expressly held that the logic in Garfinkel would be extended to cover choice of law provisions and form selection provisions. The court there, in our- this is what Judge Gattis held was we don't have to make the determination first whether there's a valid statutory claim to see if it falls within it or not. That wasn't done in that case. They looked at what the nature of the allegation was, what the nature of the claim was. The nature of the claim was statutory. As such, the court held that it fell outside the scope of the form selection clause for purposes of choice of law, for purposes of form selection, and for purposes of arbitration. That determination, the same exact determination, can be made in this case. The fact that it's a judicial remedy as opposed to it being an arbitration, it's six or a half dozen. Arbitration is merely another form. So what we have here is it comes down to public policy involving waiver of statutory rights. And a plaintiff having the ability to decide how to bargain away or contract away her statutory rights. So that's the issue that's in play here. And regarding this issue of the distinction of whether it's enforceability or scope, in terms of scope, you have to get into the enforcement. The analysis is very similar. In Newsy, the opinion did not make a big distinction between whether it's enforceable or whether it's an enforceability issue or a scope issue. What Judge Karras did in that case was look at whether or not this was outside the scope and found that the provisions were not enforceable because under public policy, the statutory claims fell outside the scope. So it is a similar analysis. We haven't waived anything here by saying that we have to look at this issue in conjunction. Otherwise, we're going to get a mechanical approach that's going to strip away someone's statutory rights that they didn't intend to bargain away. And the other cases we look at are essentially all deal with two businesses in a commercial setting that involve the contract. I see your red light's on. I'm sorry. Wrap it up. I apologize. Okay. Thank you, counsel. We'll take the case under advisement. Thank you, counsel, for an excellent briefing and argument.